E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ADAM P. SCHLEIFER (Cal. Bar No. 313818)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
Corporate Fraud and Securities Strike Force/Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4849/8536
    Facsimile: (213) 894-0141
    E-mail:    adam.schleifer@usdoj.gov;kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>ANDREW A. WIEDERHORN,<br><br>              Defendant. | No. CR 24-00296-WLH<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   07/01/24<br>**PROPOSED TRIAL DATE:**   02/17/25 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Adam P. Schleifer and Kevin B. Reidy, and defendant Andrew A. Wiederhorn ("defendant"), both individually and by and through his counsel of record, Douglas M. Fuchs, hereby stipulate as follows:

1.    The Indictment in this case was filed on May 9, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 10, 2024.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 19, 2024.

2.    On May 10, 2024, the Court set a trial date of July 1, 2024, and a pretrial conference date of June 21, 2024.

3.    Defendant is released on bond pending trial.  The government estimates that the trial in this matter will last approximately two days.  Defendant anticipates that the trial will last 3-5 days.

4.    By this stipulation, defendant moves to continue the trial date to February 17, 2025, and the pretrial conference to February 7, 2025.  This is the first request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with a violation of 18 U.S.C. § 922(g)(1):  felon in possession of firearm and ammunition.  The government has produced discovery to the defense, including hundreds of documents consisting of thousands of pages of reports, dozens of photographs, an audio recording, and other materials.

b.    Defendant intends to file pretrial motions in the case.  One such motion is a motion to dismiss the indictment asserting, among other things, a Second Amendment challenge based on the recent Ninth Circuit decision in United States v. Steven Duarte, 101 F.4th 657 (9th Cir. 2024).

c.    The same day the defendant was indicted in this case, he was also indicted in another case charging him with violations 26 U.S.C. § 7212(a): Endeavoring to Obstruct the Administration of the Internal Revenue Code; 26 U.S.C. § 7201: Evasion of Payment and

1   Assessment of Tax; 18 U.S.C. § 1343: Wire Fraud; 15 U.S.C. §§ 78m(k),

2   78ff: Extension and Maintenance of Credit in the Form of Personal

3   Loan from Issuer to Executive Officer; 15 U.S.C.

4   §§ 78m(b)(2)(B),78ff(a) and 17 C.F.R. § 240.13b2-2: False Statements

5   and Omission of Material Facts in Statements to Accountants in

6   Connection with Audits and Reviews; 18 U.S.C. § 1350(c)(2), 17 C.F.R.

7   §§ 229.402, 229.404: Certifying Faulty Financial Reports; and 18

8   U.S.C. § 2(b): Willfully Causing Acts To Be Done. See United States

9   v. Wiederhorn, et al., Case No. 24-cr-00295-RGK.

10          d.   In light of the foregoing, counsel for defendant also

11   represents that additional time is necessary to confer with

12   defendant, conduct and complete an independent investigation of the

13   case, conduct and complete additional legal research including for

14   potential pre-trial motions, review discovery and potential evidence

15   in the case, and prepare for trial in the event that a pretrial

16   resolution does not occur.  Defense counsel represents that failure

17   to grant the continuance would deny him reasonable time necessary for

18   effective preparation, taking into account the exercise of due

19   diligence.

20          e.   Defendant believes that failure to grant the

21   continuance will deny him continuity of counsel and adequate

22   representation.

23          f.   The government does not object to the continuance.

24          g.   The requested continuance is not based on congestion

25   of the Court's calendar, lack of diligent preparation on the part of

26   the attorney for the government or the defense, or failure on the

27   part of the attorney for the Government to obtain available

28   witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 6, 2024, to February 17, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Further, the parties have agreed to and propose the following briefing schedule for pretrial motions (excluding motions *in limine*, which shall be filed in accordance with the deadlines set forth in the Court's Standing Order for Criminal Cases): (1) pretrial motions shall be filed by November 1, 2024; (2) oppositions shall be filed by November 22, 2024; and (3) replies shall be filed by December 6, 2024.

//

//

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 17, 2024             Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 MACK E. JENKINS
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 _____
                                 ADAM P. SCHLEIFER
                                 KEVIN B. REIDY
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

1    I am ANDREW A. WIEDERHORN's attorney.  I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client. I have fully informed my client of his

4  Speedy Trial rights.  To my knowledge, my client understands those

5  rights and agrees to waive them.  I believe that my client's decision

6  to give up the right to be brought to trial earlier than February 17,

7  2025, is an informed and voluntary one.

8  _____          6/17/24

9  DOUGLAS M. FUCHS                  _____
   Attorney for Defendant                Date
10 ANDREW A. WIEDERHORN

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than February 17, 2025.  I

16 understand that I will be ordered to appear in Courtroom 9B of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18 February 17, 2025, at 9:00 a.m.

19 _____          6/17/24

20 ANDREW A. WIEDERHORN                _____
   Defendant                             Date

21

22

23

24

25

26

27

28

6