GIBSON, DUNN & CRUTCHER LLP
DOUGLAS FUCHS, SBN 196371
  DFuchs@gibsondunn.com
NICOLA HANNA, SBN 130694
  NHanna@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
JIMMY ROTSTEIN, SBN 305072
  JRotstein@gibsondunn.com
RAYCHEL TEASDALE, SBN 335034
  RTeasdale@gibsondunn.com
BRENNA GIBBS, SBN 342388
  BGibbs@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

*Attorneys for Defendant*
*Andrew A. Wiederhorn*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Andrew A. Wiederhorn<br><br>Defendant. | CASE NO. 2:24-CR-00296-WLH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT**<br><br>**Indictment Filed**: May 9, 2024<br>**Pretrial Conference**: February 7, 2025<br>**Trial**: February 18, 2025<br>**Speedy Trial Date**: April 3, 2025<br>**Hearing Date**: August 23, 2024<br>**Hearing Time**: 9:30 a.m.<br>**Dept**: Courtroom 9B<br>**Judge**: Honorable Wesley L. Hsu |

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2        NOTICE IS HEREBY GIVEN that on August 23, 2024 at 9:30 a.m., or as soon

3  thereafter as this matter may be heard, before the Honorable Wesley Liu Hsu in

4  Courtroom 9B of the above-entitled Court, located at 350 West First Street, Los Angeles,

5  CA, 90012, Defendant Andrew A. Wiederhorn ("Mr. Wiederhorn") will, and hereby

6  does, move this Court for an order dismissing the indictment.

7        On May 9, 2024, the Ninth Circuit issued an opinion in *United States v. Duarte*,

8  101 F.4th 657 (9th Cir. 2024), holding that 18 U.S.C. § 922(g)(1) "violates the Second

9  Amendment" when applied to "a non-violent offender who has served his time in prison

10  and reentered society." *Duarte*, 101 F.4th at 661.  The panel in *Duarte* applied the rule

11  of *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc)—which allows a later panel

12  to overrule Ninth Circuit precedent when its reasoning is "clearly irreconcilable" with

13  intervening Supreme Court authority—to overrule *United States v. Vongxay*, 594 F.3d

14  1111 (9th Cir. 2010).  *Duarte*—and its application of *Miller*—is binding in the Ninth

15  Circuit, and a "district judge may not respectfully (or disrespectfully) disagree" with "his

16  own court of appeals." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

17        Under *Duarte,* to justify a 922(g)(1) charge against a non-violent offender like

18  Mr. Wiederhorn, the government must "proffer Founding-era felony analogues that are

19  'distinctly similar' to [the defendant]'s underlying offenses and would have been

20  punishable either with execution, with life in prison, or permanent forfeiture of the

21  offender's estate." *Id.* at 690.  *Duarte* applied the two-part test put forth in *New York*

22  *State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022):  (1) when the plain text of

23  the Second Amendment covers an individual's conduct, that conduct is presumptively

24  lawful; and (2) to justify its regulation, the government must demonstrate the regulation

25  is consistent with this Nation's historical tradition of firearm regulation.  *Bruen*, 597

26  U.S. at 17.  The Supreme Court's recent decision in *United States v. Rahimi*, 2024 WL

27  3074728 (U.S. June 21, 2024), reaffirmed *Bruen* and held that the Second Amendment

28  distinguishes between violent and nonviolent citizens:  "our Nation's tradition of firearm

1    regulation distinguishes citizens who have been found to pose a credible threat to the
2    physical safety of others from those who have not." *Id.* at *10.  Thus, *Duarte* and *Bruen*
3    compel dismissal here because Mr. Wiederhorn's prior felony convictions are non-
4    violent and are not supported by a historical tradition of firearm regulation.

5        First, Mr. Wiederhorn's alleged conduct is covered by the plain text of the Second
6    Amendment.  Mr. Wiederhorn is an American citizen, and thus entitled to the Second
7    Amendment's protections regardless of his felon status.  *See Duarte*, 101 F.4th at 691.
8    The government alleges Mr. Wiederhorn simply possessed a handgun and ammunition.
9    ECF No. 1 at 1.  *Duarte* and *Bruen* hold that the Second Amendment "protects the arm
10   in this case (a handgun) and the conduct involved (simple possession)."  *Duarte*, 101
11   F.4th at 671.  The same is true for his alleged possession of ammunition.  *See Jackson*
12   *v. City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014) (right to possess
13   ammunition is protected by Second Amendment).  Mr. Wiederhorn easily passes step
14   one of *Bruen*.

15       Second, because Mr. Wiederhorn's conduct is covered by the plain text of the
16   Second Amendment, "[t]he Government now 'shoulder[s] the burden of demonstrating'
17   at step two of Bruen" that Mr. Wiederhorn can be stripped of his right to bear arms.
18   *Duarte*, 101 F.4th at 676.  This means the Government must "proffer Founding-era
19   felony analogues that are 'distinctly similar' to [Mr. Wiederhorn's] underlying offenses
20   and would have been punishable either with execution, with life in prison, or permanent
21   forfeiture of the offender's estate."  *Id.* at 690 (quoting *Bruen*, 597 U.S. at 27).  The
22   government cannot.  Mr. Wiederhorn's prior felony convictions were for (1) payment of
23   gratuities to an ERISA plan manager in violation of 18 U.S.C. § 1954; and (2) filing a
24   false tax return in violation of 26 U.S.C. § 7206(1).  Both of these prior felonies are non-
25   violent and criminalize conduct that was not criminal (or even heard of) in the Eighteenth
26   century.  They are modern statutes with no distinctly similar analogues at Founding.  For
27   these reasons, the indictment must be dismissed because 18 U.S.C. § 922(g)(1) is
28   unconstitutional as applied to Mr. Wiederhorn.

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT

1    The government's pending petition in *Duarte* for rehearing *en banc* should not
2  change this Court's analysis and does not weigh in favor of a stay, as the government
3  will likely argue.   Under *In re Zermeno-Gomez*, 868 F.3d 1048 (9th Cir. 2017), "a
4  published decision of [the Ninth Circuit] constitutes binding authority" and a district
5  court must follow it—unless and until "it is withdrawn by the court."   *In re Zermeno-*
6  *Gomez*, 868 F.3d at 1052.   The issuance of the "mandate" is irrelevant to whether a
7  decision is binding.   *Id.* at 1052.   Thus, *Duarte* is binding and must be followed by this
8  Court.   Further, dismissal is especially appropriate here, because the government
9  charged Mr. Wiederhorn under 922(g)(1) after *Duarte* had already made clear the charge
10 was unconstitutional.   Staying dismissal and allowing the government to wait and see if
11 it can overturn *Duarte* would reward the government for charging a man who is innocent
12 under the law at the time of the charge.   The Court should dismiss the indictment
13 immediately.

14    This Motion is based on this Notice of Motion and the Memorandum of Points
15 and Authorities, the Declaration of Douglas Fuchs filed concurrently in support thereof,
16 all of the pleadings and papers on file in this action, all matters of which this Court may
17 take judicial notice, and on such other and further oral or documentary evidence as may
18 be presented to the Court at or prior to the hearing on this Motion.

19    Pursuant to Dkt. No. 21, Hon. Hsu's Criminal Standing Order citing Local
20 Criminal Rule 57-1 and Local Rule 7-3, this Motion is made following a June 5, 2024
21 meet and confer with the government, and Mr. Wiederhorn's discovery letter dated May
22 30.   Despite these efforts, the parties were unable to resolve the issues presented in this
23 Motion.

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT

1    DATED:  July 9, 2024                    Respectfully submitted,

2                                                                GIBSON, DUNN & CRUTCHER LLP

3

4

5                                                                By: */s/ Douglas Fuchs*
                                                                   Douglas Fuchs

6

7

8                                                                *Attorney for Defendant*
                                                                *Andrew A. Wiederhorn*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT