BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorneys
Major Frauds/Transnational Organized Crime Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8536/2274
    Facsimile: (213) 894-0141
    E-mail:   kevin.reidy@usdoj.gov
               benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00296-WLH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW A. WIEDERHORN, | |
| Defendant. | **CURRENT TRIAL DATE:** 01/20/26<br>**PROPOSED TRIAL DATE:** 04/21/26 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin B. Reidy and Benedetto L. Balding, and defendant Andrew A. Wiederhorn ("defendant"), both individually and by and through his counsel of record, Douglas M. Fuchs, hereby stipulate as follows:

    1.   The Indictment in this case was filed on May 9, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 10, 2024. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before July 19, 2024.
3      2.   On May 10, 2024, the Court set a trial date of July 1,
4  2024, and a pretrial conference date of June 21, 2024.
5      3.   On June 17, 2024, the parties filed a Stipulation Regarding
6  Request for Continuance of Trial Date, asking that the Court move the
7  trial date to February 17, 2025.  *See* ECF No. 30.
8      4.   On June 20, 2024, the Court granted the parties' Request
9  for Continuance of Trial Date and set trial for February 18, 2025,
10 and the pretrial conference for February 7, 2025. *See* ECF No. 31.
11     5.   On October 7, 2024, Mr. Wiederhorn filed an *Ex Parte*
12 Application For Order Continuing Pretrial Motions Deadline and Trial
13 Date, requesting that the Court move the trial date from February 18,
14 2025 to July 15, 2025.  This continuance request was made on the
15 grounds that (1) the government had still not completed the
16 production of discovery; (2) the discovery the government had
17 produced was extremely voluminous (over 2.9 million pages); (3) Mr.
18 Wiederhorn intends to bring several pretrial motions that will
19 require evidentiary hearings; (4) and this case involves novel and
20 complex issues of law, including because, at the time, the Ninth
21 Circuit was to address *en banc* the constitutionality of 922(g) cases
22 in *United States v. Duarte*, No. 22-50048 (9th Cir.).  *See* ECF No. 53.
23     6.   On October 23, 2025, the Court granted Mr. Wiederhorn's
24 Request for Continuance of Trial Date and set trial for July 15,
25 2025, and the pretrial conference for July 3, 2025.  *See* ECF No. 57.
26     7.   On February 28, 2025, Mr. Wiederhorn filed a Motion For
27 Order Continuing Pretrial Motions Deadline and Trial Date from July
28 15, 2025 to January 27, 2026.  This continuance request was made on

similar grounds to those raised in Mr. Wiederhorn's October 7, 2024 request to continue the trial date as all the same grounds were still present and justified a further continuance. *See* ECF Nos. 63, 63-1.

8. On April 4, 2025, this Court granted Mr. Wiederhorn's Motion For Order Continuing Pretrial Motions Deadline And Trial Date. This Court continued the trial from July 15, 2025 to January 20, 2026, and set the pretrial motions deadline for August 29, 2025, the hearing on pretrial motions for September 26, 2025, and the pretrial conference date for January 9, 2026. *See* ECF No. 66.

9. Pursuant to the Court's order, on April 15, 2025, Mr. Wiederhorn filed a Stipulation Regarding Request for Continuance of Trial Date, in which the government and Mr. Wiederhorn stipulated to continue the trial date to January 20, 2026 in accordance with the Court's April 4, 2025 order. *See* ECF No. 70.

10. Defendant is released on bond pending trial. The government estimates that the trial in this matter will last approximately two days. Defendant anticipates that the trial will last 3-5 days.

11. By this stipulation, defendant moves to continue the trial date to April 21, 2026, or some later date that is convenient for the Court. This is the fourth request for a continuance.

12. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. On June 18, 2025, the government filed a Stipulation Regarding Request for Continuance of Trial Date in the related fraud case in front of Judge Klausner, a true and correct copy of which is attached as **Exhibit A**. *See United States v. Wiederhorn, et al.*, Case

3

No. 24-CR-295-RGK (C.D. Cal.), ECF No. 127.  The stipulation requested that Judge Klausner continue the trial date in the fraud case from October 28, 2025 to February 24, 2026, taking into account the January 20, 2026 trial date in this matter.  As reflected in Exhibit A, the parties believe a continuance in the fraud case is necessary because (1) the government encountered unforeseen technical and metadata issues that caused unavoidable production delays with respect to a large amount of discovery; (2) the government anticipates producing additional outstanding discovery; (3) these discovery delays have hindered the defendants', including Mr. Wiederhorn's, ability to review the voluminous discovery and identify relevant witnesses to prepare for trial; and (4) lead counsel for two of the defendants, including lead counsel for Mr. Wiederhorn, continue to experience immense hardship due to losing their homes in the Palisades Fire and are still devoting significant time and resources to address their displacement.

        b.   On July 7, 2025, the parties in the related fraud case appeared in front of Judge Klausner for a hearing regarding their continuance request.  Judge Klausner informed the parties that the Court could continue the fraud trial but that the only date available on the Court's calendar around the parties' requested February 24, 2026 trial date was January 13, 2026.  Given that trial in this case is currently scheduled to start on January 20, 2026, the parties informed Judge Klausner that out of respect for this Court, the parties would first need to alert this Court to this scheduling conflict and request a trial continuance from this Court before agreeing to continue the fraud trial to January 13, 2026.

  c. In light of the foregoing and given that trial in this case is scheduled for January 20, 2026, Judge Klausner's calendar can only accommodate a January 13, 2026 continued trial date in the fraud case, and the parties cannot prepare and participate in both trials simultaneously, the parties believe that a trial continuance in this case is necessary. Additional time to prepare for trial in the fraud case is required for the government to produce additional discovery, and for the defendants to conduct and complete an independent investigation, review the over 4.4 million pages of discovery and potential evidence that remains outstanding, and prepare for trial. The parties thus represent that failure to grant a continuance in this case to allow for a continuance in the fraud trial would deny them reasonable time necessary for effective preparation in the fraud trial, taking into account the exercise of due diligence. Mr. Wiederhorn further believes that failure to grant the continuance will deny him continuity of counsel.

  d. The government does not object to the continuance.

  e. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 13. For purposes of computing the date under the Speedy Trial Act by which Mr. Wiederhorn's trial must commence, the parties agree that the time period of January 20, 2026, to the new trial date, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161 (h)(1)(B) because the delay results from trial with respect to other charges against the defendant that necessitates a trial continuance in this

1  case, and under 18 U.S.C. §§ 3161 (h)(7)(A), (h)(7)(B)(i), and
2  (h)(7)(B)(iv), the delay results from a continuance granted by the
3  Court at the parties' joint request on the basis of the Court's
4  finding that: (i)  the ends of justice served by the continuance
5  outweigh the best interest of the public and defendant in a speedy
6  trial; (ii) failure to grant the continuance would be likely to make
7  a continuation of the proceeding impossible, or result in a
8  miscarriage of justice; and (iii) failure to grant the continuance
9  would unreasonably deny defendant continuity of counsel.
10       14.  Further, the parties have agreed to and propose the
11 following briefing schedule for pretrial motions, which would
12 continue the pretrial motion deadlines for the length of the
13 continuance of the fraud trial (excluding motions *in limine*, which
14 shall be filed in accordance with the deadlines set forth in the
15 Court's Standing Order for Criminal Cases): (1) pretrial motions
16 shall be filed by November 14, 2025; (2) oppositions shall be filed
17 by November 28, 2025; (3) replies shall be filed by December 5, 2025;
18 and the pretrial motions hearing shall be December 12, 2025.
19 //
20 //

15. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 14, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

       /s/
KEVIN B. REIDY
BENEDETTO L. BALDING
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am ANDREW A. WIEDERHORN's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than April 21, 2026, is an informed and voluntary one.

_____        7/14/2025
DOUGLAS M. FUCHS                       Date
Attorney for Defendant
ANDREW A. WIEDERHORN

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 21, 2026.  I understand that I will be ordered to appear in Courtroom 9B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 21, 2026, at 9:00 a.m.

_____        7/14/2025
ANDREW A. WIEDERHORN                   Date
Defendant